IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TINA COFFELT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00165-Y-BP |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the Social § | |
| Security Administration, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Tina Mae Coffelt ("Coffelt") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that Senior United States District Judge Terry R. Means **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

**FINDINGS AND CONCLUSIONS**

**I.     STATEMENT OF THE CASE**

Coffelt protectively filed for DIB and SSI on January 31, 2014, alleging that her disability began on October 10, 2011. (Transcript ("Tr.") 23). She later amended her application regarding the onset of disability to February 25, 2013. *Id.* The Commissioner initially denied her claim on March 24, 2015, and denied it again on reconsideration on June 27, 2014. (Tr. 131, 141). Coffelt requested a hearing, which was held before Administrative Law Judge ("ALJ") Ward D. King on

April 25, 2015 in Fort Worth, Texas, with Coffelt and her attorney present. (Tr. 23). The ALJ issued his decision on September 4, 2015, finding that Coffelt was not disabled. (Tr. 20–37).

The ALJ employed the statutory five-step analysis and established during step one that Coffelt had not engaged in substantial gainful activity since since February 25, 2013, the alleged disability onset date. (Tr. 26). At step two, the ALJ determined that Coffelt had the following severe impairments: obesity, degenerative disc disease, bipolar disorder, and psychosis. *Id.* At step three, the ALJ found that Coffelt's impairments did not meet or equal in combination one of the impairments listed in 20 C.F.R. Pt. 404(p). *Id.* In particular, the ALJ concluded that Coffelt retained the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c) and § 416.967(c), with additional limitations. (Tr. 29). At step four, the ALJ decided that Coffelt could not perform past relevant work. (Tr. 35). And at step five, the ALJ found that there were a significant number of jobs in the national economy that Coffelt could perform. (Tr. 35).

The Appeals Council denied review on December 21, 2016. (Tr. 1–5). Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.   FACTUAL BACKGROUND

According to Coffelt's pleadings, testimony given by witnesses at the administrative hearing, and the administrative record, Coffelt was forty years old on her amended alleged disability onset date. (Tr. 35). She completed the tenth grade. *Id.* Her employment history included employment as a cashier. *Id.* Coffelt asserts that her mental and physical impairments render her disabled under the SSA. (Tr. 224).

### III. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999); 20 C.F.R. § 404.1520(f). "The claimant bears the burden of showing that [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy

that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC—"the most [a claimant] can still do despite [his] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1).

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "It is more than a mere scintilla and less than a preponderance." *Id.* "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability

benefits. *See Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.*

### IV.   ANALYSIS

Coffelt raises two issues on appeal. She claims (1) that the ALJ failed to properly consider medical opinion evidence in evaluating her mental impairments; and (2) that the ALJ's hypothetical question to the vocational expert ("VE") was not supported by substantial evidence.

#### A.   The ALJ Failed to Properly Determine Coffelt's RFC

Coffelt argues that the ALJ failed to appropriately consider her mental impairments by not giving proper weight to medical opinion evidence. (Pl.'s Br. at 16). Coffelt claims that because the ALJ found that Coffelt suffered from severe mental impairments, but used his own independent medical judgments in making his RFC determinations, the RFC is not supported by substantial evidence. *Id.*

The RFC is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545. The responsibility of determining the plaintiff's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all of the evidence in the record and determine the plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam). "In a situation such as the present one, where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557.

Coffelt relies on the Fifth Circuit Court of Appeals decision in *Ripley v. Chater*, claiming the ALJ's RFC determination is not supported by substantial evidence. 67 F.3d at 552. In *Ripley*,

5

the ALJ found that the claimant could perform sedentary work even though there was no medical evidence to support that conclusion. 67 F.3d at 557. In finding for the claimant, the Fifth Circuit noted that the record did not clearly establish the *effect* the claimant's condition had on his ability to work, and remanded the case with instructions for the ALJ to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work. *Id.* at 557–58. The Fifth Circuit rejected the Commissioner's argument that the medical evidence that discussed the extent of the claimant's injuries substantially supported the ALJ's conclusion because the Court was unable to determine the *effects* of the claimant's condition, "no matter how small," on his ability to work, absent a report from a qualified medical expert. *Lagrone v. Colvin*, No. 4:12-cv-792-Y, 2013 WL 6157164, at *9 (N.D. Tex. Nov. 22, 2013) (Means, J.) (quoting *Ripley*, at 558 n.27).

In the instant case, several state agency medical consultants ("SAMCs") evaluated Coffelt. (Tr. 83–125). The SAMCs found that Coffelt suffered from mental impairments that caused mild restrictions in daily living activities; mild difficultly in maintaining social functioning; mild difficultly in maintaining concentration, persistence, or pace; and that Coffelt had no episodes of decompensation of extended duration. (Tr. 87, 97, 110). The consultants also found that Coffelt's mental conditions were not severe, and that she could stand and/or walk for about six hours of an eight-hour workday, occasionally lift and carry up to fifty pounds, and frequently lift and carry up to twenty-five pounds. (Tr. 89, 99, 123). The ALJ notes that he gave these opinions "significant weight because they were consistent with the remaining medical evidence available at the time of the consultants' reviews."(Tr. 33).

"[A]lthough there is no statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings, [20 C.F.R.] §

6

404.1527(f)(2) does require that the ALJ articulate the weight given to [the opinions of SAMCs]." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). Findings of fact made by SAMCs regarding the nature and severity of an individual's impairments are treated as expert opinion evidence (from non-examining sources) at both the administrative hearing and Appeals Council levels of administrative review. 20 C.F.R. § 416.927(e). Thus, an ALJ's reliance on SAMCs' findings would meet the requirements under *Ripley*. *See Young v. Berryhill*, No. 3:15-CV-3742-M (BH), 2017 WL 946323, at *12 (N.D. Tex. Feb. 13, 2017) ("Because the ALJ relied on the medical opinions of [the SAMC] to determine Plaintiff's limitations, he did not independently decide the effects of Plaintiff's impairments,").

In the instant case, the ALJ relied upon two separate Physical Residual Functional Capacity Assessments ("PRFCA") conducted by SAMCs, Dr. Randal Reid and Dr. Yvonne Post (Tr. 89, 112), and two separate Mental PRFCAs conducted by SAMCs, Dr. Susan Posey and Dr. Leela Reddy. (Tr. 96, 110). At issue is whether substantial evidence supported the ALJ's RFC determination regarding Coffelt's mental impairments. (Pl.'s Br. at 14). In the assessment dated March 19, 2014, Dr. Posey opined that Coffelt "is somewhat limited by substantiated conditions, the impact of the [symptoms do] not wholly compromise [claimant's] ability to function independently, appropriately, and effectively on a sustained basis. The claimant's limitations impose no more than a non-severe impact functioning." (Tr. 87).

In making his RFC determination, the ALJ gave "significant weight" to Dr. Posey and Dr. Reddy's PRFCAs. (Tr. 33). While the ALJ did consider the SAMC reports in making his FRC determination, Dr. Posey and Dr. Reddy's reports did not discuss or evaluate the *effects* of Coffelt's mental impairments on her ability to work. *See Rodriguez v. Colvin*, No. 4:12-cv-825-Y, 2013 WL 6704882, at *7 (N.D. Tex. Dec. 19, 2013) (finding that because the ALJ rejected all medical

opinions in the record that might explain the effects of the claimant's impairments on her ability to perform work, there was no evidence supporting the ALJ's RFC determination); *Johns v. Colvin*, No. 3:13-CV-4420-N-BH, 2015 WL 1428535, at *18–20 (N.D. Tex. Mar. 30, 2015) (finding a *Ripley* error where there were no medical opinions regarding the effects on the claimant's impairments).

Coffelt further argues that the ALJ erred in rejecting the medical opinions of her examining physician, Dr. Sureddi, because it was the "only opinion on the effects of Coffelt's bipolar disorder and psychosis would have on her ability to perform mental activities." (Pl.'s Br. at 18). The ALJ gave Dr. Sureddi's opinion "very little weight, because it was not explained, provided very little functional information, and was not supported by the remaining medical evidence . . . [and] Dr. Sureddi had a relatively short treatment history with the claimant." (Tr. 34). While the ALJ gave Dr. Sureddi's medical source statement "very limited weight," he considered Dr. Sureddi's statement that Coffelt's mental impairments were stable on medications. (Tr. 34, 767). Dr. Sureddi's statement also provides that Coffelt would often fail to complete tasks in a timely manner and "had repeated episodes of deterioration or decompensation in work or work-like settings which cause Ms. Coffelt to withdraw from that situation or to experience exacerbation of signs and symptoms." (Tr. 768–769). The ALJ's reliance on the SAMC reports while giving limited weight to Dr. Sureddo's statement is within the ALJ's discretion. *See Chambliss*, 269 F.3d at 523.

However, when reports of non-examining physicians, like SAMCs, make specific medical conclusions that either contradict or are unsupported by findings made by an examining physician, such reports do not provide substantial evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1023–24 (5th Cir. 1990); *Fitzpatrick v. Colvin*, No. 15-CV-3202-D, 2016 WL 1258477, at *8 (N.D. Tex. Mar. 31, 2016) (Fitzwater, J.) (finding that the ALJ "improperly made an independent RFC finding" as

8

to "the effects of [the claimant's] mental impairments on [her] ability to work" where "other than the opinions of the two [SAMCs]," there was no evidence in the record as to the claimant's ability to work despite his impairments).

The ALJ, in essence, rejected the only medical opinion on the *effects* that Coffelt's mental impairments had on her ability to work. Moreover, Dr. Sureddi's report was consistent with the medical record concerning Coffelt's mental impairments and previous episodes of decompensation. (Tr. 368, 476, 490). "While the ALJ may choose to reject these opinions, he cannot then independently decide the effects of Plaintiff's . . . impairments on [her] ability to work, as that is expressly prohibited by *Ripley*." *Shugart v. Astrue*, No. 3:12-CV-1705-BK, 2013 WL 991252, at *5 (N.D. Tex. Mar. 13, 2013). Instead, the ALJ should have obtained an expert medical opinion regarding the types of work the claimant can perform, given her impairments. *See id.* (citing *Ripley*, 67 F.3d at 557). The ALJ was not entitled to simply rely on his own opinion of the medical evidence to determine the *effects* of Coffelt's mental impairments on her ability to work. *See Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009).

The procedural error alone, however, should not automatically result in reversal of the Commissioner's decision. "Procedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). When an ALJ commits a *Ripley* error, remand "is appropriate only if [plaintiff] shows that [she] was prejudiced." *Ripley*, 67 F.3d at 557. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* at 558 n.22. In this case, the evidence before the ALJ showed that Coffelt suffered from mental impairments that, at least in some respects, may affect her ability to

9

work. *See Johns*, 2015 WL 1428535, at *20 (finding that the ALJ could have reached a different disability determination had she fully developed the record and obtained an expert medical opinion regarding the effects of the plaintiff's mental condition had on his ability to work).

Coffelt has demonstrated prejudice by pointing to evidence that the ALJ could have obtained that might have changed the result. Specifically, Coffelt requested a consultative examination to address her mental impairments, which the ALJ denied. *See Newsome v. Barnhart*, No. 3:03-CV-3030-D, 2004 WL 3312833, at *4 (N.D. Tex. Oct. 8, 2004) (Fitzwater, J.) (finding that the claimant had demonstrated prejudice by pointing to evidence that the ALJ could have obtained and that might have changed the result). For the reasons stated above, substantial evidence in the record does not support the ALJ's consideration of the effects of Coffelt's mental impairments on her ability to work. Accordingly, the ALJ violated the requirements set out in *Ripley*, and remand is proper in this case.

Although remand is warranted on this ground alone, the Court will address Coffelt's second ground for purposes of guiding the proceedings on remand.

### B.     The ALJ's Hypothetical Question Does Not Constitute Reversible Error

Coffelt argues that the ALJ's hypothetical question to the VE was defective because there was no opinion evidence to support the mental limitations in the hypothetical question, and that the ALJ's findings that Coffelt "could return to her past relevant work" was not supported by substantial evidence. (Pl.'s Br. at 20–21). However, contrary to Coffelt's argument, the ALJ at Step 4 found that Coffelt would be unable to perform any of her past relevant work. (Tr. 34).

A hypothetical question to a vocational expert cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all of the claimant's disabilities recognized by the ALJ; and (2) the claimant or her representative is afforded

10

the opportunity to correct deficiencies in the question. *See Boyd*, 239 F.3d at 706-07; *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Where an ALJ finds that a claimant is not disabled based on answers to a defective hypothetical, substantial evidence does not support the finding, and the case should be reversed and remanded for further administrative proceedings. *See Bridges v. Comm'r of Soc. Sec. Admin*, 278 F. Supp. 2d 797, 807 (N.D. Tex. 2003).

In referring to Coffelt's mental impairments, the ALJ asked the VE whether jobs existed for a hypothetical individual who "is limited to occupations with a reasoning development level of one through three, as defined in the Dictionary of Occupational Titles. And the individual can have no more than incidental contact with the public. Do you agree such a person could not perform any of Ms. Coffelt's past relevant work?" (Tr. 77). In response, the VE opined that such a person could not return to Ms. Coffelt's past relevant work, but could work as a laundry worker, hand packager, or assembler. *Id.*

Coffelt argues that the ALJ's decision is not supported by substantial evidence because it is based on the VE's response to a defective hypothetical question that did not incorporate opinion evidence to support her mental limitations. (Pl' Br. at 22). Coffelt maintains that "the testimony elicited from the defective hypothetical question does not constitute substantial evidence to support the ALJ's decision. Only where the VE's testimony is based on a correct account of a claimant's qualifications and restrictions may an ALJ properly rely on the VE's testimony and conclusion." (Pl' Br. at 21). She also alleges that the VE's testimony in response to the defective question does not carry the Commissioner's burden of proof at Step 5 of the sequential evaluation. *Id.* But the ALJ was only obligated to reasonably incorporate in his hypothetical all of Coffelt's disabilities that the ALJ recognized. *See Boyd*, 239 F.3d at 707. Here, the ALJ's decision shows that he

reasonably considered Coffelt's mental impairments when holding that the claimant would not be able to perform her past relevant work given "her additional limitations." (Tr. 35).

However, even if the ALJ erred in failing to include limitations in the hypothetical he posed to the VE, this error would be harmless. Under Fifth Circuit precedent, "if the administrative law judge's hypothetical omits a recognized limitation 'and the claimant or his representative is afforded the opportunity to correct deficiencies in the administrative law judge's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions there is no reversible error.'" *Fitzpatrick*, 2016 WL 1258477 at *12 (citing *Wise v. Barnhart*, 101 Fed. Appx. 950, 951 (5th Cir. 2004) (per curiam)). Here, Coffelt's attorney was afforded an opportunity at the hearing to cross-examine the VE and to correct deficiencies in the ALJ's hypothetical question by suggesting to the expert any purported defects in the hypothetical question. *See Harrison v. Colvin*, 2014 WL 982843, at *5 (N.D. Tex. Mar. 12, 2014) (Fitzwater, J.); (Tr. 78–80). Accordingly, any deficiency in the ALJ's hypothetical to the VE was not reversible error.

## V.   CONCLUSION

Because the record lacks medical source evidence regarding the *effects* of Coffelt's impairments on her ability to work, remand is proper. However, the ALJ's hypothetical question and his reliance on the VE testimony do not constitute reversible error.

## **RECOMMENDATION**

The undersigned RECOMMENDS that Judge Means REVERSE the Commissioner's decision and REMAND this matter for further proceedings.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **November 15, 2017** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the Senior United States District Judge.

Signed November 1, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

14